IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FELIX LYLE COWAN, | § | |
| #0310444, | § | |
|      Plaintiff, | § | |
| | § | |
| v. | § | No. 3:26-cv-00704-G-BT |
| | § | |
| BILL WAYBOURNE, *et al.* | § | |
|      Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

*Pro se* plaintiff Felix Lyle Cowan filed a document while incarcerated in the Tarrant County Jail that the Court liberally construed as a prisoner civil rights complaint. Compl. (ECF No. 3). Cowan subsequently filed an amended complaint along with a motion for leave to proceed *in forma pauperis* (IFP).  Am. Compl.; IFP App. (ECF Nos. 7, 8). Cowan claims that he is a "top secret agent" who is being confined illegally and for retaliatory purposes. *See generally* Am. Compl. at 3-4.

After reviewing this case and Cowan's previous filings, the Court concludes that Cowan may not proceed IFP. Cowan has filed at least three prior lawsuits that the Court dismissed as frivolous. Furthermore, he is not in "imminent danger of serious physical injury." The District Judge should dismiss this case without prejudice unless Cowan pays the full filing fee by the deadline for filing objections or by another date set by the Court.

## Legal Standards and Analysis

Cowan filed this action without paying the required fee and seeks leave to proceed IFP. Under the "three-strikes" provision of the Prison Litigation Reform Act (PLRA), an inmate may not proceed in a civil action without the prepayment of fees if, while confined as a prisoner, he has previously brought three or more civil actions or appeals in federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless he is under imminent danger of serious physical harm. *See* 28 U.S.C. § 1915(g); *Lomax v. Ortiz-Marquez,* 140 S. Ct. 1721, 1723 (2020).

Cowan has accrued three strikes under § 1915(g). Before filing this complaint, and while he was incarcerated, he filed at least three civil cases that were dismissed as frivolous under 28 U.S.C. § 1915(e). *See Cowan v. Abbott*, 2023 WL 2432912, at *1 (N.D. Tex. Feb. 14, 2023) (Toliver, J.), *rec. accepted*, 2023 WL 2429488 (N.D. Tex. Mar. 9, 2023) (Lynn, J.), *appeal dismissed*, 2023 WL 4675952 (5th Cir. Apr. 27, 2023), *cert. denied*, 144 S. Ct. 226 (Oct. 2, 2023).

Because Cowan has accrued three strikes, § 1915(g) precludes him from proceeding in this action IFP unless he alleges that he is in "imminent danger of serious physical injury" at the time of filing the complaint. *See Banos v. O'Guin, 144 F.3d 883, 884 (5th Cir. 1998)* (per curiam). But Cowan makes no such allegations. *See Heimermann v. Litscher, 337 F.3d 781, 782 (7th Cir. 2003); see also Banos, 144 F.3d at 885.* Cowan is, therefore, barred from proceeding IFP under § 1915(g).

## Recommendation

The District Judge should dismiss Cowan's Complaint without prejudice as barred by the "three-strikes" rule of 28 U.S.C. § 1915(g) unless he pays the full $405.00 filing fee prior to acceptance of this recommendation, or before a deadline otherwise established by the Court.

SO RECOMMENDED.

April 16, 2026

_____
HON. R. RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996), modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

3